53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
3 PARCELS IN LA PLATA COUNTY, COLORADO, et al., Defendants,
and
Marcus Ernest Zybach, Applicant in Intervention-Appellant,
and
Francillia Emmanuel, Claimant-Appellant,
and
Clive Joseph Lawrence, Claimant-Appellant.
 Nos. 93-16633, 93-16642 and 93-16873.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1995.
Decided May 2, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The instant appeal arises out of a civil action in which the government attempts to obtain several pieces of property through forfeiture pursuant to 21 U.S.C. Sec. 881. The appeals of three claimants have been consolidated. Marcus Ernest Zybach (Zybach) seeks to claim an interest in property known hereafter as the "Tiburon Note." Francillia Emmanuel (Emmanuel) claims an interest in the Tiburon Note, as well as an interest in several bank accounts, a 1981 Mercedes Benz, a 1988 Hyundai, a black sable coat, a sapphire ring, and miscellaneous household furnishings. Clive Joseph Lawrence (Lawrence) claims an interest in the "Bellflower Ranch," the property also known as 3 Parcels in La Plata County, Colorado. Zybach appeals the district court's denial of his motion to intervene. Zybach, Emmanuel, and Lawrence appeal the district court's grant of the government's motion for summary judgment. We reverse the district court and remand for proceedings consistent with this memorandum.
 
 FACTS
 
 3
 Tiburon Note and stipulation. In 1978, Zybach created a foreign corporation known as Kaleidoscope Inc. in Grand Cayman, Cayman Islands, British West Indies. In 1980, Zybach, through Kaleidoscope, purchased real estate in Tiburon, California for $580,000. In December, 1987, Zybach sold the property to Kenneth Tishgart. Tishgart gave Zybach approximately $500,000, and additionally issued a promissory note payable to Kaleidoscope in the amount of $320,000. The government seeks the note in this case.
 
 
 4
 On March 15, 1991, the district court entered an Order of Forfeiture of Assets pursuant to a Stipulation of Forfeiture of Assets (stipulation) between Zybach and the government in this case. The stipulation (a part of Zybach's plea agreement in a criminal case) provided, inter alia, that: 1) the government would not seek the forfeiture of two condominiums, rent from one of the condominiums, various items of personal property seized from a residence in Colorado, and "assets or property that defendant ZYBACH may hold outside of the United States," and 2) Zybach would forfeit fourteen specific items of property, none of which included the Tiburon Note. ER at 104 (emphasis added). Zybach states that the note has been in Switzerland or the Caribbean at all times during the proceedings. Thus, he argues, the "foreign assets" clause of the stipulation should prevent the government from seeking the note.
 
 
 5
 The government does not contest Zybach's allegation that the note was outside of the United States at the time it entered into the forfeiture stipulation. Instead, the government argues that the foreign assets clause has no bearing because Zybach did not own the note at the time he entered into the stipulation. Instead, the government claims that Zybach gave Emmanuel the note as a part of a voluntary "settlement" in 1987 at the end of their romantic relationship. As evidence that Zybach gave Emmanuel the note, the government relies on Zybach's and Emmanuel's depositions. In the depositions, both Zybach and Emmanuel admit that Zybach promised to give Emmanuel the proceeds of the sale of the property, although it is not clear whether Zybach promised to give the note (as opposed to the payments from the note) to Emmanuel. Emmanuel's deposition testimony seems to indicate that she did not understand the workings of the instrument known as a promissory note, at least at the time of her deposition.
 
 
 6
 Emmanuel's relationship with Zybach. Emmanuel became involved in both the criminal and civil cases because of her involvement with Zybach. Emmanuel met Zybach in St. Lucia, where he apparently hired her to care for his mother. They later developed a romantic relationship, travelling and living together in various parts of the world, including the United States. Emmanuel only "recently" learned to read and write. Zybach provided her with money, bank accounts, and possessions, although from her deposition it appears that she did not necessarily understand the details of many of the transactions in which she was involved. In support of its motion for summary judgment with regard to Emmanuel's property, the government proffered the declarations of Carolyn Schaefer, George Kasnoff, and DEA Agent E.J. Schmidt. Schaefer and Kasnoff declared that Emmanuel knew of and participated in Zybach's illegal activity. Schmidt declared that Emmanuel lied during her deposition. In opposition, Emmanuel declared that she had no knowledge of Zybach's illegal activity. She further declared that Schaefer and Kasnoff have a motive to lie about her.
 
 
 7
 Bellflower Ranch. Lawrence is the brother of Emmanuel. The government concedes that he had no involvement in Zybach's criminal activity. On July 11, 1989, Emmanuel deeded and transferred property known as the "Bellflower Ranch" or "3 Parcels of Land in La Plata County, Colorado" to Lawrence. Lawrence recorded the deed on October 24, 1989, after the government had filed its lis pendens and before Lawrence was served with notice of the amended complaint for forfeiture and arrest of property.
 
 PROCEEDINGS
 
 8
 On July 13, 1989, the government filed a complaint seeking forfeiture of several pieces of property pursuant to 21 U.S.C. Sec. 881. At the same time, the court ordered the clerk of the court to issue a warrant for the arrest of the defendant property. On July 17, 1990, the government filed a lis pendens with the La Plata County recorder regarding the Bellflower Ranch. On November 13, 1989, Zybach filed his formal claim of interest in property that had been seized by the government. On December 15, 1989, Emmanuel filed her claim to the property sought by the government. On December 28, 1989, the government served Zybach and Emmanuel with warrants for the arrest of the property, including the Tiburon Note. Nearly three months later, on April 5, 1990, the district court stayed the civil proceedings pending resolution of criminal proceedings against Zybach.
 
 
 9
 On December 3, 1990, Zybach changed his plea in the criminal case from not guilty to guilty. On March 15, 1991, and as a part of a plea agreement, the government and Zybach entered into the stipulation and order for forfeiture of assets described above. On April 29, 1991, the court pronounced Zybach's sentence in the criminal case. In June of 1991, Zybach was transferred to a Federal Corrections Institution in Three Rivers, Texas, and his counsel filed a motion to withdraw from the civil proceeding. The motion was granted on July 14, 1991.
 
 
 10
 On July 16, 1992, Lawrence was served with an amended complaint and arrest of property with regard to the Bellflower Ranch. On July 30, 1992, Lawrence filed a verified claim to the property. On October 1, 1992, the court vacated the stay of the civil proceedings originally entered on April 5, 1990. On October 6, 1992, the court entered a scheduling order which ordered discovery due on April 5, 1993, and all motions due on May 20, 1993. Nearly three months later, on January 11, 1993, Zybach called the government from prison to tell it that he would be seeking the balloon payment on the Tiburon Note which had already come due as of December 1992. On January 12, 1993, Zybach sent a certified letter to the note's payor seeking payment. The payor (a Mr. Tishgart) refused to pay.
 
 
 11
 On February 26, 1993, the court ordered Tishgart to appear to show cause why he should not be ordered to deliver payment of the note to the United States Marshals. It was at this time that Zybach alleges that he became aware of the government's proceeding against the note. He immediately called his lawyer. On April 9, 1993, the order for Tishgart to show cause was quashed without prejudice.
 
 
 12
 On April 2, 1993, the government filed a motion for summary judgment, asking the court to grant forfeiture of all of the remaining property, including the note. On April 20, 1993, Lawrence filed an opposition to the government's motion and a cross-motion for summary judgment arguing that he was an innocent owner of the Bellflower Ranch. On April 30, 1993, Emmanuel filed her opposition to the government's motion for summary judgment. In support, Emmanuel proffered her own affidavit in which, inter alia, she denied the factual allegations of the government's witnesses. On April 30, 1993, Zybach moved to intervene as a matter of right pursuant to FRCP 24(a), and for judgment in his favor on the grounds that the stipulation prevented the government from seeking the note.
 
 
 13
 On June 25, 1993, the court granted the government's motion and denied all of the motions of Zybach, Emmanuel, and Lawrence. The district court denied Zybach's motions on the grounds that Zybach had no claim to the note, and further knew that he had no claim to it beginning in 1987, long before he entered into the stipulation. Specifically, the court found that despite the fact that "the circumstances surrounding the note potentially make either Mr. Zybach or Ms. Emmanuel a legitimate claimant ..., it is clear that at the time of Zybach's plea agreement all parties understood the note belonged to Ms. Emmanuel." The court granted the government's motion with regard to Emmanuel on the grounds that her testimony was utterly incredible. The court granted the government's motion with regard to Lawrence on the grounds that the government's lis pendens gave Lawrence constructive notice that he "dealt with the property at his peril." On July 30, 1993, the court entered its judgment, ordering all of the property forfeited to the government. Zybach, Emmanuel, and Lawrence filed timely notices of appeal.
 
 ANALYSIS
 Zybach
 
 14
 Zybach's deposition and sentencing documents, on which the district court relied, do not clearly demonstrate that Zybach gave the Tiburon Note to Emmanuel or that the parties to the stipulation so understood. Instead, Zybach's and Emmanuel's depositions, and the sentencing documents, indicate 1) that Zybach has an "interest" in the note and 2) that a genuine issue of material fact exists as to the nature of the transaction between Zybach and Emmanuel. Zybach must be permitted to intervene and to attempt to prove that the stipulation should be construed in his favor; that he or his corporation owns the note; and that the note is an asset held outside of the United States.
 
 Emmanuel
 
 15
 Of course, a claimant's self-serving testimony may serve as sufficient evidence on which to rest an opposition to summary judgment. United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 492 (9th Cir. 1990). The government, however, argues that the district court granted the government's motion not because of the form of Emmanuel's opposition, but rather because it found Emmanuel's testimony utterly incredible. To the extent the court found Emmanuel's affidavit incredible, it did so on the basis of Emmanuel's twelve-year relationship with Zybach. However, Emmanuel's relationship with Zybach is not dispositive. Certainly Zybach's knowledge cannot be imputed to Emmanuel. That an unsophisticated woman might lack knowledge of her partner's financial dealings is not beyond probability. A rational trier of fact could find Emmanuel's testimony credible. See U.S. v. 92 Buena Vista Ave., 113 S. Ct. 1126 (1993) (government's motion for summary judgement denied in case where claimant who obtained funds to purchase house from her drug-dealer boyfriend supported her opposition with only personal affidavit).
 
 
 16
 Finally, the government argues that Emmanuel's affidavit is utterly incredible based on the "fact" that she lied on several other occasions. However, the deposition testimony cited by the government does not inexorably lead to the conclusion that Emmanuel lied; neither does Agent Schmidt's belief that Emmanuel lied (as evidenced by his affidavit) inexorably lead to that conclusion. Even if Emmanuel's testimony is "hardly overwhelming," she must be given the opportunity to present her evidence to a jury. See Eaton Acres, 904 F.2d at 492.
 
 Lawrence
 
 17
 Although Lawrence concedes that the government had probable cause to seek forfeiture, he too seeks to retain his property pursuant to the innocent owner's defense. The government has conceded that "there is nothing to implicate Mr. Lawrence in any of his sister's marijuana smuggling activities." Nonetheless, the district court granted the government's motion for summary judgment on the grounds that "the recordation of the [government's] lis pendens [prior to the recordation of Lawrence's deed] provided Clive Lawrence with constructive notice that he dealt with this property at his peril." Lawrence obtained the Bellflower Ranch from Emmanuel before the government filed either its complaint or lis pendens against the property. However, Lawrence did not record his deed until after the government had already filed its lis pendens.
 
 
 18
 In U.S. v. Real Property at 10936 Oak Run Circle, 9 F.3d 74 (9th Cir. 1993), we held that summary judgment was inappropriate even though the claimed "innocent owners" both obtained and recorded their deeds after the government filed its lis pendens. Instead, we found the question whether the "owners" had knowledge of the "origin of the property in drug proceeds" to be a question of fact for the jury. Lawrence must be given the opportunity to present his evidence to a jury.
 
 
 19
 We REVERSE and REMAND for proceedings consistent with this memorandum.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3