**UNITED STATES of America, Plaintiff,**

v.

**ONE 1991 CHEVROLET CORVETTE, VIN: 1G1YY3385M5109893, Defendant.**

**and**

**1st State Bank & Trust Company of Palos Hills; and G & O Service, Inc., Claimants.**

**No. 94 C 6604.**

United States District Court, N.D. Illinois, Eastern Division.

July 31, 1995.

▮

---

Askia Kareem Abdullah, Askia K. Abdullah & Associates Chtd., Chicago, IL, for claimant G & O Service, Inc.

David L. Hazan, David S. Adduce, DeHaan & Richter, P.C., Chicago, IL, for 1st State Bank & Trust Company of Palos Hills.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981, 1956. This court has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355. The defendant vehicle, a 1991 Chevrolet Corvette, was seized from the premises of the claimant, G & O Service, Inc. ("G & O"), in March, 1994 on the ground that it was purchased with the proceeds of illegal drug transactions. G & O claims to own a lien interest in the defendant vehicle in connection with repairs it performed on the vehicle in the amount of $15,499.03.

The forfeiture provision of the Comprehensive Drug Abuse Prevention & Control Act of 1970 provides in part:

> no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(6). In the present case, G & O claims that its alleged lien interest is not forfeitable because it did not know that the automobile was purchased with the proceeds of illegal drug transactions.

In a civil forfeiture case, the government bears the initial burden of establishing "probable cause to believe that the property is subject to forfeiture." *United States v. All Assets and Equipment of West Side Building Corp.*, 58 F.3d 1181, 1188 (7th Cir. 1995) (citation omitted). Once the government satisfies this initial burden, the burden shifts to the claimant to prove by a preponderance of the evidence that the property is not subject to forfeiture or that the property was used in violation of the statute without his or her knowledge or consent. *Id.; United States v. Real Property Located at*

Matthew David Tanner, U.S. Attorney's Office, Chicago, IL, Michele Szary Schroeder, U.S. Attorney's Office, Rockford, IL, for plaintiff.

*10936 Oak Run Circle,* 9 F.3d 74, 76 (9th Cir.1993); *United States v. One 1986 Ferrari 328 GTS,* No. 93 C 0906, 1993 WL 478897, at *2 (N.D.Ill. Nov. 18, 1993).

In the present case, the parties stipulated that there was probable cause to believe that the vehicle is subject to forfeiture. Accordingly, the burden at trial shifted to the claimant to demonstrate that it had an interest in the automobile and that it had no knowledge that the automobile was purchased with the proceeds of illegal drug transactions.

Ernest White ("Mr. White"), one of the owners of G & O, testified that the automobile in question had been brought to his repair shop twice and that one of his employees had made repairs on the automobile. On the first occasion, the repairs were paid in full. Mr. White testified that he had never been paid for work performed on the second occasion. However, G & O presented no credible evidence relating to the value of the work performed on the automobile. The only evidence in the record with respect to the work done consisted of Mr. White's testimony that G & O put in a stereo system, "spoilers,"[1] and did some repair and paint work on the car. The sole evidence with respect to the value of these repairs was Mr. White's testimony that he put in more than $4,000.00 in value on "the first day" the car was in his shop. But there was no documentation, such as receipts or invoices for parts, to support any repairs at all, and there was evidence that Mr. White attempted to fabricate evidence that would substantiate the value of repairs. I conclude that there was no credible testimony or other evidence relating to the value of the repairs.

"It is imperative that a creditor, asserting a lien, introduce proof which will clearly demonstrate the basis for such a claim." *United States v. United States Chain Co.,* 212 F.Supp. 171, 181 n. 10

(N.D.Ill.1962). As stated herein, the claimant has failed to demonstrate the basis for its claim. Accordingly, the Court enters judgment in favor of the government.[2]

---

1. He did not describe what was meant by "spoilers." The Random House Dictionary of the English Language (2d ed. 1987) defines "spoiler" as a "device for changing the airflow past a moving vehicle, often having the form of a transverse fin or blade mounted at the front or rear to reduce lift and increase traction at high speeds." *Id.* at 1842.

2. Since the claimant has not established the value of any lien possessed by it, I have not considered whether the claimant has established that it had no knowledge that the vehicle had been purchased with the proceeds of illegal drug transactions. *E.g. United States v. One 1986 Ferrari 328 GTS, supra,* 1993 WL 478897, at *2.